JP:MPR
F.#2014R00271

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**14 MISC 342**

----------------------------------X
IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA         SEALED APPLICATION
FOR AN ORDER AUTHORIZING
THE RELEASE OF HISTORICAL
CELL-SITE INFORMATION
----------------------------------X

EASTERN DISTRICT OF NEW YORK, SS:

        Michael P. Robotti, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d) directing that, within seven days, Metro PCS (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 516-619-3201, a telephone issued by the service provider and in the possession of VINCENT SALANARDI ("SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the periods from August 26, 2013 to August 30, 2013 and November 24, 2013 to December 11, 2013 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

        In support of this application I state the following:

        1.    I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d)

2

and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. See 18 U.S.C. § 2703(d).

3. I have discussed this matter with a Special Agent of the Bureau of Alcohol, Tobacco, and Firearms (the "investigative agency"), who is involved in a joint investigation with the New York City Police Department ("NYPD"). Based upon my discussion with the special agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including a conspiracy to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, to wit: currency by armed robbery, in violation of 18 U.S.C. § 1951. Second, it is believed that VINCENT SALANARDI, and others known and unknown, have used the SUBJECT TELEPHONE in furtherance of the above offense. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by corroborating witness testimony and providing the location of VINCENT SALANARDI and others at the time that the robberies took place.

4. Based upon discussion with a special agent working with the investigative agency, the government hereby sets forth the following specific and articulable

facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

    a. In December 2013, the NYPD's Staten Island Robbery Squad identified a pattern of five armed gas station robberies that occurred in Staten Island on August 28, 2013, November 26, 2013, December 2, 2013, December 6, 2013, and December 9, 2013, respectively. In each robbery, the suspect, wearing a dark hood and/or mask attempting to cover his face, approached a gas station armed with a gun, displayed and/or indicated that he had a gun, demanded money from the gas station attendant, and then fled on foot. Surveillance video of the December 2 robbery showed the suspect exit a white vehicle, possibly a Mazda, prior to the robbery. Surveillance video from the December 9 robbery showed a similar vehicle circling the gas station prior to the robbery. The suspect was described as a white male, who was approximately 30 to 35 years old and 5'5 to 6'0 tall.

    b. In December 2013, the Staten Island Robbery Squad also identified a second pattern of armed robberies in Staten Island, which consisted of two robberies of Radio Shack employees who were making bank drops after business hours. During the first incident, on November 30, 2013, the suspect approached the employee as he was making the bank drop, demanded money, lifted his shirt to show a gun in his waistband, and then fled on foot with the money. During the second incident, on December 8, 2013, two armed suspects approached two Radio Shack employees who were in their car at a bank. The suspects demanded money, but the employees refused and drove away, and the suspects fled. The suspects were described as white males, who were approximately 25 years old and 5'3 to 5'9 tall.

c. On December 11, 2013, NYPD officers stopped a white Mazda 3, which fit the description of the vehicle involved in the robberies, for a traffic violation. During the stop, the officers observed that the occupants of the car, VINCENT SALANARDI and Robert Michael Stewart, matched the description of the robbery suspects. SALANARDI, who was driving the vehicle, was arrested and issued a traffic citation. Stewart was arrested after a computer background check showed that a complaint for the unauthorized use of a vehicle was pending against him.

d. VINCENT SALANARDI was subsequently read his Miranda rights, which he agreed to waive. During the interview that followed, he admitted, in sum and substance, to participating in four of the gas station robberies, as well as an unreported attempted robbery of a gas station and an unreported robbery of a deli. He further admitted to participating in the attempted robbery of the Radio Shack employees on December 8, 2013. He indicated that he was the getaway driver in each instance, while Stewart committed each armed robbery, sometimes with the assistance of a third armed person. Stewart invoked his right to an attorney following his arrest.

e. At the time of his arrest, the SUBJECT TELEPHONE was seized from SALANARDI. On February 25, 2014, United States Magistrate Judge Joan M. Azrack issued a search warrant for the SUBJECT TELEPHONE, which revealed the phone number associated with it is 516-619-3201.

5. Based upon the above proffer, the government requests that the Court issue Orders that provide, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the

5

periods from August 26, 2013 to August 30, 2013 and November 24, 2013 to December 11, 2013.

    6.  The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might cause a target to flee from prosecution; result in the destruction of or tampering with evidence; and/or seriously jeopardize the investigation.

    7.  No prior request for the relief set forth herein has been made. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated: Brooklyn, New York
   March 26, 2014

                  _/s/ Michael P. Robotti_
                   Michael P. Robotti
                   Assistant United States Attorney
                   (718) 254-7576

JP:MPR
F.#2014R00271

**14 MISC 342**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA                    SEALED ORDER
FOR AN ORDER AUTHORIZING THE RELEASE          OF AUTHORIZATION
OF HISTORICAL CELL-SITE INFORMATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This matter having come before the Court pursuant to an application by Assistant United States Attorney Michael P. Robotti, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Metro PCS (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 516-619-3201, a telephone issued by the service provider and in the possession of VINCENT SALANARDI ("SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the periods from August 26, 2013 to August 30, 2013 and November 24, 2013 to December 11, 2013 (collectively, "the HISTORICAL CELL-SITE INFORMATION");

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the

2

HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including a conspiracy to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, to wit: currency by armed robbery, in violation of 18 U.S.C. § 1951, being conducted by the Bureau of Alcohol, Tobacco, and Firearms (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the periods from August 26, 2013 to August 30, 2013 and November 24, 2013 to December 11, 2013;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
       March 26, 2014

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

JP:MPR
F.#2014R00271

**14 MISC 342**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA        SEALED ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE   SERVICE PROVIDER
OF HISTORICAL CELL-SITE INFORMATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Metro PCS (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 516-619-3201, a telephone issued by the service provider and in the possession of VINCENT SALANARDI ("SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the periods from August 26, 2013 to August 30, 2013 and November 24, 2013 to December 11, 2013 (collectively, "the HISTORICAL CELL-SITE INFORMATION");

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the periods from August 26, 2013 to August 30, 2013 and November 24, 2013 to December 11, 2013;

2

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the Bureau of Alcohol, Tobacco, and Firearms, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
       March 26, 2014

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK